T.C. Summary Opinion 2001-124


UNITED STATES TAX COURT


FERNANDO D. RIVERA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3740-00S.                     Filed August 13, 2001.


Fernando D. Rivera, pro se.

<u>Russell D. Pinkerton</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1997, and Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion

should not be cited as authority.

Respondent determined a deficiency of $3,726 in petitioner's 1997 Federal income tax and a section 6651(a)(1) addition to tax of $108.15. The issues for decision are: (1) Whether petitioner is entitled to claim dependency exemption deductions for his three nephews; (2) whether petitioner qualifies as a head of household; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is liable for the section 6651(a)(1) addition to tax.

Background

Some of the facts have been stipulated and are so found. At the time that the petition was filed, petitioner resided in Kokomo, Indiana.

During 1997, petitioner lived in a house owned by his mother. He did not pay any rent to live there, but he did pay, or contribute to, the cost of certain utilities. The house has four bedrooms, one of which was used exclusively by petitioner's mother. Another bedroom was used by petitioner and, from time to time during 1997, petitioner's brother. The remaining two bedrooms were shared by three of petitioner's nephews (petitioner's nephews), all of whom lived in petitioner's mother's house throughout 1997.

In 1991, petitioner's nephews were abandoned by their parents (petitioner's sister and former brother-in-law), and they

have lived with petitioner's mother in her house ever since. Petitioner's mother is listed as the guardian/custodian of petitioner's nephews on various school records applicable to the year in issue.

All of petitioner's nephews were minors as of the close of 1997, but only one was a student for the entire year. The other two dropped out of school and worked that year; one earned $2,408 and the other earned $1,486. Petitioner's mother was not employed during 1997. She received Social Security benefits totaling $5,556. Petitioner's brother, who from time to time lived at petitioner's mother's house during 1997, had income of $16,707 for that year. Petitioner was employed as a laborer during 1997. His wages for that year were $14,655.

Petitioner's mother, petitioner's brother, and petitioner purchased food and clothing for petitioner's nephews during 1997. Petitioner's nephews did not receive any support in any form from their parents during that year.

Petitioner's 1997 Federal income tax return was filed on June 25, 1998. It was prepared at no cost to petitioner by a friend of petitioner's brother. Petitioner did not request an extension of time to file his 1997 return. The income earned by two of petitioner's nephews, as mentioned above, was erroneously included in the wage income reported on the return. Petitioner claimed a dependency exemption deduction for each of his nephews

and the standard deduction applicable to a head of household.  He claimed an earned income credit computed by treating two of his nephews as qualifying children.

In the notice of deficiency, respondent:  (1) Disallowed the dependency exemption deductions for petitioner's nephews; (2) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly; (3) disallowed the earned income credit claimed on petitioner's 1997 return; and (4) imposed an addition to tax under section 6651(a)(1).

Discussion

1. Dependency Exemption Deductions

Petitioner claimed dependency exemption deductions for his three nephews on his 1997 return.  Generally, a taxpayer is entitled to an exemption deduction for each dependent.  Sec. 151(c).  The term "dependent" includes a taxpayer's nephews "over half of whose support, for the calendar year * * * was received from the taxpayer".  Sec. 152(a)(6).  "The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

During 1997, petitioner's nephews did not receive any food, shelter, clothing, etc. from their parents.  Instead, substantially all of their support was received from petitioner,

petitioner's mother, and petitioner's brother.  Taking into account petitioner's income, the amount of his brother's income, the amount of Social Security benefits received by petitioner's mother, and the fact that petitioner's nephews lived in petitioner's mother's house, it is unlikely that petitioner contributed more towards the support of his nephews than the combined contributions of his mother and brother.  Although petitioner generously provided food, clothing, and other items of support for his nephews during 1997, he failed to establish that the total amount of the support that he provided exceeded the support his nephews received from other sources; namely, his brother, his mother and, with respect to two of them, themselves.  Consequently, petitioner is not entitled to dependency exemption deductions for his nephews, and respondent's determination in this regard is sustained.

2. Filing Status

Petitioner filed his 1997 return as a head of household.  Under the circumstances, because petitioner is not entitled to a dependency exemption deduction for at least one of his nephews, he does not qualify as a head of household.  Sec. 2(b)(1)(A)(ii).  Respondent's determination changing his filing status from head of household to single is sustained.

3. <u>Earned Income Credit</u>

Subject to various conditions and limitations, an eligible individual is entitled to an earned income credit. Sec. 32(a). Petitioner was an eligible individual within the meaning of the applicable statute. Sec. 32(c)(1)(A)(i) and (ii). Nevertheless, because of the amount of his income, he is not entitled to an earned income credit for 1997 unless at least one of his nephews was a qualifying child with respect to him for that year. Sec. 32(b).

On his 1997 return, petitioner claimed an earned income credit computed by treating two of his nephews as qualifying children. Among other requirements, to be treated as an eligible child of a taxpayer, the child must be: (1) A son or daughter of the taxpayer; (2) a descendant of a son or daughter of the taxpayer; (3) a stepson or stepdaughter of the taxpayer; or (4) an eligible foster child of the taxpayer. Sec. 32(c)(3)(B)(i). Petitioner's nephews obviously are not his children, descendants of his children, or his stepchildren. Furthermore, they were not his eligible foster children because, although he generously contributed towards their support, he did not care for them as his own children. Sec. 32(c)(3)(B)(iii). According to school records, petitioner's mother, rather than petitioner, was the guardian/custodian of petitioner's nephews during the year in issue. It follows that respondent's determination that

petitioner is not entitled to an earned income credit for 1997 should be sustained, and we so hold.

4. <u>Section 6651(a)(1) Addition to Tax</u>

Petitioner did not request an extension to file his 1997 return. Consequently, it was due on or before April 15, 1998, sec. 6072(a), but it was not filed until June 25, 1998.

Section 6651(a)(1) provides for an addition to tax of 5 percent of the amount of the tax required to have been shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. If an income tax return is not filed within 60 days of the prescribed date for filing (including extensions), the addition to tax imposed is not less than the lesser of $100 or 100 percent of the amount required to be shown as tax on the return. Sec. 6651(a). The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. <u>Id.</u>

Petitioner's 1996 return was filed more than 60 days after April 15, 1997. Petitioner did not explain why his 1996 return was filed late. Because petitioner has not demonstrated that his failure to file a timely 1996 Federal income tax return was due to reasonable cause and not due to willful neglect, he is liable for the addition to tax under section 6651(a)(1).

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing, and to reflect the agreement between the parties as to the correct amount of petitioner's wage income for 1997,

<u>Decision will be</u>

<u>entered under Rule 155</u>.